DRIVER & PIERCE *v*, WILLIAM L. MILLER and GEORGE H. KIRK.

The testimony of the drawer of a draft in a suit against himself and first endorser, to the effect that the paper was accepted for their accommodation, is insufficient to charge the endorser. It is clear that such imperfect proof, tending to avoid the very promise of the drawees, implied by the acceptance in favor of the payee, could not have the effect of defeating the action.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
    *L. Castera* and *C. Hunt*, for plaintiffs.   *R. & H. Marr*, for *Kirk*, defendant and appellant.

MERRICK, C. J.   This suit is brought by the plaintiffs, as the *acceptors* of two drafts, to recover the amount paid upon the same from the *drawer* and *first indorser*, on the ground, that the paper was accepted for their accommodation. The proof shows that the drawer, *William L. Miller*, bought of one *Langhorn* one-fourth interest in the charter of the steamboat Messenger, and that *Langhorn* was the debtor of *George H. Kirk*, the indorser, on account of the charter of the boat; that *Miller* handed these drafts to *Langhorn*, and that the latter delivered them to *Kirk* in payment.   *Kirk* negotiated them in bank.   There is negative proof tending to show that *Kirk* had no dealings with *Driver & Pierce*, but *Miller* had.   It is also shown that *Miller* promised *Langhorn* to procure their acceptance.

The drawer, *Miller*, was examined as a witness by the plaintiffs.   He corroborates the other witnesses as to the indebtedness of himself and *Langhorn* to *Kirk*, but adds, "Said drafts were accepted by plaintiffs, for the use and benefit of *George H. Kirk*.

There was judgment against *Miller* by default, and against *Kirk*, on the above testimony, on a trial of the issue made by his answer.   He appeals.

We are of the opinion that this declaration of the witness is insufficient to charge the indorser.   The whole testimony shows that the drafts were given to pay a debt to *Kirk*.   It is not shown that he had any conversation with the acceptors, neither do we discover any circumstances tending to show that *Kirk* had applied to plaintiffs to accept this paper for his accommodation.

The whole case, therefore, stands upon the vague statement of the drawer (who was paying a debt to the drawee) that the drafts were accepted for the use and benefit of the latter.   This testimony, we have just said, appears to us insufficient to charge the indorser, with the amount paid by the acceptor for the real benefit of the drawer.   If such proof were competent to defeat a bill of exchange in the hands of the drawee or holder for value, it would lose much of its usefulness as an instrument of commerce.   Suppose *Kirk*, who gave a full consideration for the same, had continued to hold the acceptance, and had sued the plaintiffs thereon, would this proof have defeated his recovery?   It is clear that such imperfect proof, tending to avoid the very promise of the drawees implied by the acceptance in favor of the payee, could not have the effect of defeating the action.   It cannot be any more favorably considered in a suit brought by the acceptor against the party in whose favor he made a promise of payment for value.   See the case of *Connelly* v. *Bourg, Sheriff, et al.*, recently decided.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court as to said *George H. Kirk* be avoided and reversed; and it is now ordered, adjudged and decreed by this court, that there be judgment in favor of the defendant, *George H. Kirk*, and against the plaintiffs' demand against him; and it is further ordered, that said *Kirk* recover his costs in both courts.